IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BROOKS TERRELL, :
:
    Plaintiff, : CIVIL NO. 4:08-CV-1311
:
v. : (Judge McClure)
:
CAPTAIN PASSANITI, *et al.*, :
:
    Defendants. :

## **MEMORANDUM**

November 10, 2009

Plaintiff Brooks Terrell ("Plaintiff" or "Terrell"), an inmate presently confined at the Federal Correctional Institution Talladega ("FCI Talladega") in Talladega, Alabama, commenced this *pro se* civil rights action by filing a Complaint raising claims under 28 U.S.C. § 1331.

Presently before the Court are Plaintiff's motion to amend Complaint (Rec. Doc. No. 23), Defendants' motion for summary judgment (Rec. Doc. No. 13), and Defendants' motion for a protective order (Rec. Doc. No. 25). For the reasons set forth below, Plaintiff's motion to amend will be denied, Defendants' motion for summary judgment will be granted, and Defendants' motion for a protective order will be denied as moot.

**BACKGROUND**

Plaintiff filed his Complaint on July 10, 2008 while he was an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Rec. Doc. No. 1.) Named as Defendants are three employees of the Federal Bureau of Prisons ("BOP") at USP Lewisburg: Captain Passaniti, Lieutenant Argueta, and Dr. Karpan. Plaintiff alleges that, on June 6, 2008, Defendants placed him in restraints and then put him in a cell with another inmate for seventy-two (72) hours. (*Id.* § IV. ¶¶ 1, 2.) He further alleges that he was not provided with notice of any violation and did not receive due process before these "sanctions" were imposed. (*Id.* ¶¶ 2, 3.) Plaintiff claims that he suffered injuries, including blisters, cuts, and punched nerves in his hands and wrists and mental torture. (*Id.* ¶ 3.) As relief, Plaintiff seeks $15,000 from each Defendant. (*Id.* § V. ¶ 1.)

**MOTION TO AMEND COMPLAINT**

Plaintiff seeks leave to amend his Complaint in order to add twenty-eight (28) new defendants. (*See* Rec. Doc. No. 23 at 3.) Twenty-seven (27) of the proposed defendants are employees of the BOP at FCI Talladega, where Plaintiff currently is incarcerated. (*See id.*) The twenty-eighth defendant is an employee of the BOP at the United States Penitentiary - Lee "("USP Lee") in Jonesville, Virginia, where Plaintiff

2

was incarcerated before being transferred to FCI Talladega. (*See id.*) Plaintiff seeks to add a retaliation claim against Disciplinary Hearing Officer D. Rupert at USP Lee based on Rupert's alleged direction to transfer Plaintiff from a maximum security facility to a medium security facility. (*See id.* at 1.) He also seeks to add claims regarding the conditions of his confinement at FCI Talladega since his arrival there on May 10, 2009, and retaliation claims based on incidents that occurred at FCI Talladega on May 29 and June 4, 2009. (*See id.* at 2, 4.)

Venue for actions brought under § 1983 is governed by 28 U.S.C. § 1391(b).[1] Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The twenty-eight (28) defendants Plaintiff seeks to add in his proposed amended complaint reside either in the Northern District of Alabama or the Western

---

[1]The principles that apply to § 1983 actions apply with full force in actions filed pursuant to 28 U.S.C. § 1331. *See Young v. Keohane*, 809 F. Supp. 1185, 1200 (M.D. Pa. 1992).

3

District of Virginia, and all of the events that Plaintiff describes took place in those districts. Therefore, the Middle District of Pennsylvania is not the proper venue for the new claims Plaintiff seeks to add, and Plaintiff's motion to amend his Complaint (Rec. Doc. No. 23) will be denied without prejudice to his ability to raise his claims before the courts of appropriate jurisdiction.

**MOTION FOR SUMMARY JUDGMENT**

Service of Plaintiff's Complaint was directed by Order dated July 28, 2008. (Rec. Doc. No. 6.) Defendants filed the instant motion for summary judgment on October 20, 2008. (Rec. Doc. No. 13.) On November 3, 2008, Defendants filed a supporting brief (Rec. Doc. No. 15), statement of material facts ("SMF") (Rec. Doc. No. 16), and a supporting declaration (Rec. Doc. No. 16-2). On December 23, 2008, Plaintiff filed a document entitled "Motion for Cross Summary Judgment" to which he attached an affidavit and supporting exhibits. (Rec. Doc. No. 17.) The document contained the caption for this action as well as for Plaintiff's civil rights action at Civil No. 4:08-CV-1248 and was filed on both dockets. On January 15, 2009, this Court issued Orders in both cases construing the document as Plaintiff's brief in opposition to the motions for summary judgment pending in both cases inasmuch as it contained argument and citations to case law responding to the arguments presented in both sets

4

of Defendants' supporting briefs. (*See* Rec. Doc. No. 18.) The Order also directed Plaintiff to file a statement of material facts responding to Defendants' SMF in accordance with Middle District of Pennsylvania Local Rule 56.1 ("LR 56.1"). (*See id.*) On February 2, 2009, Plaintiff filed identical statements of material facts in this case and in his action at Civil No. 4:08-CV-1248. (Rec. Doc. No. 19.) Defendants filed a reply brief on February 17, 2009. (Rec. Doc. No. 20.) Accordingly, the motion is ripe for disposition.

## I. **Standard of Review**

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. *Id.*; *Justofin v. Metropolitan Life Ins. Co.,* 372 F.3d 517, 521 (3d Cir. 2004).

A party seeking the entry of summary judgment bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which

demonstrate the absence of a genuine issue of material fact. The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). However, the nonmoving party cannot do so merely by offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. *Celotex*, 477 U.S. at 324; *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.,* 172 F.3d 238, 252 (3d Cir. 1999). In evaluating a motion for summary judgment, the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party. *Am. Flint Glass Workers Union v. Beaumont Glass Co.,* 62 F.3d 574, 578 (3d Cir. 1995).

**II.    Discussion**

    **A.    Exhaustion of Administrative Remedies**

Defendants assert that they are entitled to summary judgment because Plaintiff

failed to exhaust his administrative remedies before filing his Complaint in this action. Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined in BOP custody. The BOP Administrative Remedy Program is described at 28 C.F.R. Part 542. The purpose of the program "is to allow an inmate to seek formal review of an issue relating to any

7

aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a).

### B. Undisputed Facts as to Exhaustion

The following facts are undisputed.[2] Defendants submitted BOP records

---

[2]LR 56.1 requires that a non-moving party's statement of facts respond to the numbered paragraphs set forth in the moving party's statement. LR 56.1. The non-moving party's statement also "shall include references to the parts of the record that support the statements." *Id.* Moreover, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.*

This Court's January 15, 2009 Order specifically directed Plaintiff to file a statement of material facts responding to Defendants' statement in accordance with LR 56.1. (*See* Rec. Doc. No. 18 ¶ 2.) Plaintiff submitted an identical statement of material facts in this case and in his case at Civil No. 4:08-CV-1248. Plaintiff claims that the statement he filed pertains to both cases. (*See* Rec. Doc. No. 19 ¶ 8.) However, it is apparent from reviewing the statement and portions of the record it references that only the eighth paragraph pertains to this action. (*See id.*) The statement contains numbered paragraphs, but they do not respond to the paragraphs in Defendants' statement. Therefore, Defendants assert that their facts should be deemed

(continued...)

showing that Terrell filed seven requests for administrative remedy while in BOP custody. (Rec. Doc. No. 16, Dfts.' SMF, ¶ 3; Rec. Doc. No. 16-2, BOP Records, at 4-8.) Six of the seven requests for administrative remedy predate May 2008, the earliest date referenced in the Complaint in the instant action. (Rec. Doc. No. 16 ¶ 4.) On June 20, 2008, Terrell filed an administrative remedy (Rem. ID 499616-R1) directly to the Northeast Regional Office. (*Id.* ¶ 5.) Terrell states that the remedy he filed at Rem. ID 499616-R1 pertains to the instant action. (*See* Rec. Doc. No. 19, Pltfs.' SMF, ¶ 8.) He identified the request, which alleged that staff approved and used excessive force, as "sensitive." (Rec. Doc. No. 16 ¶¶ 5, 11.) The BOP Administrative Remedy Program provides the following procedure for submission of "sensitive" administrative remedies:

> (1) Sensitive issues. If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit

---

²(...continued)
admitted. (*See* Rec. Doc. No. 20.)

Because the one statement of fact offered by Plaintiff that pertains to this case does not contain opposition to Defendants' version of the facts, but merely clarifies that Administrative Remedy Number ID 499616-R1 contains the facts that form the basis for the Complaint in this action, the statement does not controvert Defendants' statement, and thus the facts in Defendants' statement will be deemed admitted.

9

> the Request directly to the appropriate Regional Director. The inmate shall clearly mark 'Sensitive' upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

28 C.F.R. § 542.14(d)(1).

On July 3, 2008, Terrell's request filed at Rem. ID 499616-R1 was rejected by the Regional Office with the explanation, "Your issue is not sensitive and can be addressed by the Warden." (Rec. Doc. No. 16 ¶ 9.) Terrell did not appeal this remedy request to the Warden. (*Id.* ¶ 10.) The docket in this case shows that Terrell filed his Complaint on July 10, 2008, seven days after the Regional Office rejected his "sensitive" remedy. (*Id.* ¶ 12.) The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on appropriate form (BP-9), is twenty calendar days following the date on which the basis for the request occurred. (*Id.* ¶ 13 (citing 28 C.F.R. § 542.14(a).)

### C. <u>Analysis</u>

Defendants have demonstrated that Plaintiff failed to exhaust his administrative remedies with respect to the claims that form the basis for the Complaint in this

10

action. Defendants have provided BOP records showing that, after the Regional Administrative Remedy Coordinator rejected Terrell's request filed at Rem. ID 499616-R1, Terrell did not pursue the issue by filing a request with the Warden pursuant to 28 C.F.R. § 542.14(d)(1). (*See* Rec. Doc. No. 16-2 at 4-8.) Terrell has identified Rem. ID 499616-R1 as the administrative remedy he filed pertaining to the claims that form the basis for the Complaint in this action. (*See* Rec. Doc. No. 19 ¶ 8.) He has not offered any evidence to show that an issue of material fact remains on the issue of exhaustion of administrative remedies with regard to those claims.[3] Accordingly, Defendants are entitled to summary judgment.

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

In their motion, filed on August 25, 2009, Defendants request that this Court stay discovery and not require them to respond to Plaintiff's First Set of Interrogatories, which he served on them on August 17, 2009. (Rec. Doc. Nos. 26, 28.) Defendants explain that the caption to the interrogatories contains the docket number assigned to the instant action as well as the docket number assigned to Plaintiff's other civil rights action pending in this Court at Civil No. 4:08-CV-1248.

---

[3]The evidence submitted by Plaintiff, consisting of copies of his informal resolution attempts filed at BP # 08-IF-71 and BP #08-IF-74, pertains to his efforts to exhaust issues in his other civil rights action filed at Civil No. 4:08-CV-1248. (*See* Rec. Doc. No. 17at 7-11.)

(*See* Rec. Doc. No. 27-2 at 2, Pltf.'s First Set of Interrogatories.) Defendants argue that the entry of a protective order pending the disposition of their motion for summary judgment is appropriate inasmuch as they would be unduly burdened with engaging in extensive interviews with various BOP staff members in order to answer the interrogatories at this stage of the proceedings. (*See* Rec. Doc. No. 27 at 5.)

In light of this Court's disposition of Defendants' motion for summary judgment, their motion for a protective order will be denied as moot.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to amend the Complaint will be denied. Defendants' motion for summary judgment will be granted. Moreover, in light of this Court's disposition of the instant motion, Defendants' motion for a protective order will be denied as moot.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

12

| | |
|---|---|
| BROOKS TERRELL, | : |
| Plaintiff, | : CIVIL NO. 4:08-CV-1311 |
| v. | : (Judge McClure) |
| CAPTAIN PASSANITI, *et al.*, | : |
| Defendants. | : |

## **MEMORANDUM**

November 10, 2009

**AND NOW,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to amend the Complaint (Rec. Doc. No. 23) is **DENIED**.

2. Defendants' motion for summary judgment (Rec. Doc. No. 13) is **GRANTED**.

3. Defendants' motion for a protective order (Rec. Doc. No. 25) is **DENIED** as moot.

4. Final judgment is entered in favor of Defendants Passaniti, Argueta, and Karpan and against Plaintiff.

5. The Clerk of Court is directed to **CLOSE** this case.

   s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge